UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-693-FDW

| WILLIAM CARAWAN, JR., | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) |
| | ) ORDER |
| FNU HELMS, Correctional Officer, Lanesboro CI, | ) |
| FNU MCLENDON, Correctional Officer, Lanesboro CI, | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1). See 28 U.S.C. §§ 1915(e)(2); 1915A. Also pending is Plaintiff's Application to Proceed in Forma Pauperis, (Doc. No. 2).

**I. BACKGROUND**

Pro se Plaintiff William Carawan, Jr., a North Carolina prisoner currently incarcerated at Tabor Correctional Institution in Tabor, North Carolina, filed this action on September 29, 2016, pursuant to 42 U.S.C. § 1983. Plaintiff has named as Defendants FNU Helms and FNU McLendon, who are both identified as correctional officers at Lanesboro Correctional Institution at all relevant times. Plaintiff's claim arises out of Defendants' refusal to allow him to use gloves and a broom for cleaning his cell while he was being held in segregation at Lanesboro. Plaintiff alleges the following facts in the Complaint:

> [Defendants] McLendon and Helms exposed me to harmful chemicals by forcing me to clean w/o gloves even after I stated that M.S.D.S. (material safety data sheets) clearly say that we should protect our skin with gloves. P.P.E. (personal

1

protection equipment) is provided to janitors but not to segregated inmates. Helms was working on 2-28-15 and McLendon on the 5th of March 2015 when both incidents occurred, as well as other dates as well which were unrecorded. They also refused to pass brooms around which made cleaning our floors, which I have to prostrate on as a Muslim to pray impossible. These practices forced me to be seen at sick calls for damage to [my] skin and violated Eighth Amendment rights.

(Doc. No. 1 at 3).[1] Based on the above factual allegations, Plaintiff alleges that Defendants McLendon and Helms subjected him to cruel and inhumane conditions, thus violating his Eighth Amendment right to be free from cruel and unusual punishment. As relief, Plaintiff seeks the following from the Court: "Grant me damages to the extent that the court deems just and correct and release injunctions which will force these staff members to pass gloves and brooms out in seg to clean with. Implement policy which calls for this to happen here at Lanesboro." (Id. at 4).

## II. STANDARD OF REVIEW

Because Plaintiff seeks to proceed in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a

---

[1] Before filing this action, Plaintiff submitted a grievance, complaining about the refusal of Defendants McLendon and Helms to allow Plaintiff to use gloves and a broom for cleaning his segregation cell. (Id. at 6). The prison denied Plaintiff's grievance, stating as follows:

In reference to your grievance dated 4/1-/20-15, cleaning in restricted housing is so that you can maintain your living space. You are given the items that are required by the [standard operating procedures] here at Lanesboro. Brooms were issued in the past and were broken and used as weapons. As far as the cleaners issued during clean up they are cut with water to allow them to be used without the need of gloves. Janitors deal with chemicals at full strength and also deal with trash and unknown things from others' cells. Toilet brushes and other items not given out have been found in the past to be broken to [make] weapons and other contraband. That is why they are no longer issued.

(Id. at 7). The grievance denial was appealed to Step Three and the response was upheld.

2

prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

### III.    DISCUSSION

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). "Prison conditions may be harsh and uncomfortable without violating the Eighth Amendment prohibition against cruel and unusual punishment." Dixon v. Godinez, 114 F.3d 640, 642 (7th Cir. 1997). Rather, extreme deprivations are required, and "only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Hudson v. McMillian, 503 U.S. 1, 9 (1992) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991) (internal quotation omitted)). The plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825, 847 (1994). A plaintiff must also generally allege "a serious or significant physical or emotional injury resulting from the challenged conditions." Strickler v. Waters, 989 F.2d 1375, 1381 (4th Cir. 1993).

The Court first finds that, to the extent that Plaintiff seeks injunctive and declaratory relief in the Complaint, these claims are dismissed as moot because Plaintiff is no longer incarcerated at Lanesboro. See Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991) (transfer

of prisoner mooted claims for injunctive and declaratory relief regarding allegedly unconstitutional prison conditions). Next, to the extent that Plaintiff seeks compensatory damages, the Court further finds that, even taking Plaintiff's allegations as true, Plaintiff has not alleged a cognizable claim for an Eighth Amendment violation. At most, Plaintiff alleges that, on at least two occasions, Defendants McLendon and Helms refused to give Plaintiff gloves to put on while he cleaned his cell, thus exposing him to harmful chemicals, and that he was also denied the use of a broom on various occasions. Although courts have recognized that the deprivation of basic sanitary conditions can constitute an Eighth Amendment violation, the alleged facts here simply to do not give rise to deprivations denying Plaintiff the minimal civilized measure of life's necessities, nor does Plaintiff allege any facts showing that, in denying the use of gloves or brooms to Plaintiff, Defendants McLendon and Helms knew of and disregarded a substantial risk of serious harm to Plaintiff. See Epps v. Hein, Case No. 416cv100, 2016 WL 3208950, at *6 (S.D. Ga. June 7, 2016) (finding that the inmate failed to alleged deliberate indifference and, even if he had, "his prison conditions claim still fails because those conditions (exposed rust, a lack of plastic gloves and bleach, and a mildewed mop head) simply do not constitute "deprivation of basic elements of hygiene"); Brooks v. Arrington, No. 2:13-CV-02332-VEH, 2014 WL 6836444, at *6 (N.D. Ala. Dec. 3, 2014) ("Even if the plaintiff established an Eighth Amendment violation based on defendant Watts knowing that mixing cleaners and chlorine bleach would form toxic fumes harmful enough to constitute an infliction of 'unnecessary pain or suffering,' he has not shown that she was deliberately indifferent to a serious risk of harm to him."); Lundquist v. Effingham Cnty., No. 414-cv-156, 2014 WL 6617049, at *2 (S.D. Ga. Nov. 21, 2014) ("As to his allegation regarding the cleaning supplies, [plaintiff] never asserts that he was forced to use chemicals any more toxic or hazardous than

common household disinfectants used in millions of American homes on a regular basis. . . . Furthermore, even assuming [plaintiff] has met the objective element of an Eighth Amendment claim, his complaint fails to allege that any prison official was consciously aware that requiring him to use the cleaning products without gloves or other protective gear exposed him to a substantial risk of serious harm.").

For the reasons stated herein, the Court finds that Plaintiff has failed to state an Eighth Amendment claim against Defendants McLendon and Helms and this action will therefore be dismissed.

### IV. CONCLUSION

For the reasons stated herein, Plaintiff's Eighth Amendment claim is dismissed for failure to state a claim.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED** for failure to state a claim.

2. Plaintiff's Application to Proceed In Forma Pauperis, (Doc. No. 2), is **GRANTED** for the limited purpose of this Court's review.

3. The Clerk is directed to terminate this action.

Frank D. Whitney
Chief United States District Judge